UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-1388-AB (KKx)** | Date: | January 7, 2019 |
|---|---|---|---|

| Title: | *Hoist Fitness Systems, Inc. v. TuffStuff Fitness International, Inc.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 115]; (2) Denying Defendant's Motion to Amend Protective Order [Dkt. 128]; and (3) Vacating January 10, 2019 Hearing**

On November 29, 2018, Plaintiff Hoist Fitness Systems, Inc. ("Plaintiff") filed a Motion to Compel Production of Email Documents with a Joint Stipulation pursuant to Local Rule 37-2. ECF Docket No. ("Dkt.") 115. On December 7, 2018, Defendant TuffStuff Fitness International, Inc. ("Defendant") filed a Motion to Amend Protective Order to include prohibitions against violations of California Rule of Professional Conduct 4.3. Dkt. 128. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART and Defendant's Motion to Amend Protective Order is DENIED. The January 20, 2019 hearing is hereby VACATED.

# I.
# BACKGROUND

On April 3, 2017, Plaintiff filed a Complaint against Defendant for injunctive relief and damages for patent infringement regarding six patents which Plaintiff alleges Defendant's new Bio-Arc exercise equipment line infringe. Dkt. 1.

On July 25, 2017, Defendant filed an Answer and Counterclaim against Plaintiff. Dkt. 28.

On August 15, 2017, Plaintiff filed an Answer to the Counterclaim. Dkt. 30.

On November 15, 2017, the Court issued a Scheduling Order setting the following relevant dates: Fact Discovery Cut-Off of September 21, 2018 and Jury Trial for May 21, 2019. Dkt. 59.

On December 1, 2017, the parties filed a Stipulation for Discovery as to Electronically Stored Information ("ESI"), Dkt. 62, and a Stipulation for Protective Order, Dkt. 63. On December 4, 2017, the Court issued the Stipulated Protective Order. Dkt. 64.

On April 10, 2018, the Court granted the parties' Joint Motion to modify the Scheduling Order and amended the following relevant dates: Fact Discovery Cut-Off of October 19, 2018 and Jury Trial for June 18, 2019. Dkt. 75.

On July 11, 2018, the Court granted the parties' Stipulation to modify the Scheduling Order and amended the following relevant dates: Fact Discovery Cut-Off of January 18, 2019 and Jury Trial for September 10, 2019. Dkt. 94.

On September 7, 2018, Plaintiff served a Request for Production of Emails and Attachments ("Request for Production") seeking production of emails from eight custodians using search terms: Protocol![1], Bio!Arc! or BA!7!, Patent!, Glute!, Roc!t!, and Hoist![2]. Declaration of Sean Flaherty ("Flaherty Decl."), Ex. 3.[3]

On October 9, 2018, Defendant served Responses and Objections to the Request for Production. Flaherty Decl., Ex. 9. Defendant objected on the grounds (a) the terms are overbroad and likely to return an unreasonable and disproportionate number of responsive documents; (b) the terms Protocol and BioArc violate the parties' Stipulation for Discovery as to ESI which prohibits use of a product line as a search term; and (c) attorney-client privilege and work product doctrine.

Over the next two months, the parties met and conferred and it appears they were able to negotiate narrowing search terms with respect to the terms Glute, Rockit, and Patent; and Defendant withdrew its objection to the term Protocol. Rakestraw Decl., ¶¶ 33, 36-37, 40.

On November 29, 2018, Plaintiff filed the instant Motion to Compel Production of Email Documents with a Joint Stipulation pursuant to Local Rule 37-2. Dkt. 115. On December 6, 2018, the parties filed Supplemental Briefs. Dkts. 120, 121 (redacted).

On December 7, 2018, Defendant filed a Motion to Amend Protective Order to include prohibitions against violations of California Rule of Professional Conduct 4.3. Dkt. 128.

On December 17, 2018, the Court vacated the hearing on Plaintiff's Motion to Compel and took the matter under submission. Dkt. 134.

On December 20, 2018, Plaintiff filed an Opposition to the Motion to Amend Protective Order. Dkt. 142. On December 27, 2018, Defendant filed a Reply in support of the Motion to Amend Protective Order. Dkt. 147. The matters thus stand submitted.

---

[1] The Bio-Arc product line was originally called Protocol.

[2] The "!" symbol represents a wildcard. The term Glute! only applies to custodian Raul Simental, where Plaintiff seeks the term Glute! instead of Patent!.

[3] On October 12, 2018, Plaintiff served an Amended Request for Production replacing one of the custodians. Flaherty Decl., ¶ 11; Declaration of Eric Rakestraw ("Rakestraw Decl."), Ex. J.

# II.
## DISCUSSION

## A.    PLAINTIFF'S MOTION TO COMPEL

### 1.    Applicable Law

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). However, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

The rules of discovery presume that "the responding party must bear the expense of complying with discovery requests." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). However, under Rule 26(b)(2)(B),

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

Email discovery is not presumptively relevant to litigation.  See, e.g., DCG Sys., Inc. v. Checkpoint Technologies, LLC, 2011 WL 5244356, at *1 (N.D. Cal. Nov. 2, 2011) (in patent litigation case, discussing restrictions on email discovery that are "designed to address the imbalance of benefit and burden resulting from email production" and noting belief that the production burden of expensive e-requests outweighs their benefits); see also Introduction to Model Order Regarding E-Discovery in Patent Cases at p. 2 (Fed. Cir. 2011) ("Excessive e-discovery, including disproportionate, overbroad email production requests, carry staggering time and production costs that have a debilitating effect on litigation. Routine requests seeking all categories of Electronically Stored Information often result in mass productions of marginally relevant and cumulative documents. Generally, the production burden of these expansive requests outweighs the minimal benefits of such broad disclosure."); Northrop Grumman Corp. v. Factory Mut. Ins. Co., No. CV-05-8444DDP-PLAx, 2012 WL 12875772, at *2 (C.D. Cal. Aug. 29, 2012).

2.      Analysis

a.      Accessibility of Emails

Defendant argues production of 38,000 documents[4], which represents total hits for all search terms including family members, is unduly burdensome and disproportionate to the needs of the case because the cost of review far exceeds the amount in controversy.  Plaintiff argues (a) Defendant's estimate of the cost to review is inflated; and (b) the amount in controversy is much higher than Defendant believes.  However, neither party provides any competent evidence of the actual cost for review and production.[5]  Notably, Defendant does not provide any evidence regarding its own attorney's estimates for the time and cost to review the documents for privilege.  Hence, the Court is unable to determine the actual cost of production and finds Defendant has not met its burden to show the emails are "not reasonably accessible because of undue burden or cost."  See Fed. R. Civ. P. 26(b)(2)(B).  Nevertheless, because the email discovery sought is clearly voluminous, the Court will consider whether the production of email discovery is proportionate to the needs of the case.

b.      The Parties' Stipulation for Discovery of ESI

Pursuant to the parties' Stipulation for Discovery of ESI, the parties agreed to a limit of eight custodians and five search terms per custodian.  Dkt. 62.[6]  The relevant terms of the parties' Stipulation for Discovery of ESI include: "Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business."  Dkt. 62 at ¶ 6.  "The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as a producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction."  Dkt. 62 at ¶ 10.  The stipulation

---

[4] Whenever the Court refers to a number of documents, it is referring to the numbers with threading analysis enabled.

[5] The parties dispute the appropriate hourly rate for an attorney reviewing documents for privilege.  Defendant argues it will cost $315 per hour and Plaintiff argues it will cost $50 per hour.

[6] Plaintiff's insistence that the Stipulation for Discovery of ESI was never issued as an Order by the Court is irrelevant.  Counsel are presumed to intend to abide by agreements they enter into.

**CIVIL MINUTES—GENERAL**                     Initials of Deputy Clerk __

specifically states objections as to "relevance, proportionality or overbreadth" are not waived. Dkt. 62 at ¶ 15. "Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26." Dkt. 62 at ¶ 3.

### c.     Bio-Arc Search Term

Defendant objects to the use of the search term Bio-Arc because it is likely to result in overproduction and violates the parties' Stipulation for Discovery of ESI. Plaintiff argues the entire Bio-Arc product line is alleged to be infringing and is therefore relevant. JS at 36.

First, it appears Plaintiff is seeking discovery about a product, rather than a particular issue in violation of the parties' Stipulation. Plaintiff knew it alleged the entire Bio-Arc product line was infringing at the time it entered into the Stipulation for Discovery of ESI, thus, there is no reason to excuse Plaintiff's insistence on a search term which violates the Stipulation. Second, Plaintiff has not identified a "particular issue" the term Bio-Arc is seeking to discover within the requested emails. See Northrop Grumman Corp., 2012 WL 12875772, at *2 ("Email discovery is not presumptively relevant to litigation."). Hence, the Court cannot determine the likelihood that the emails will provide relevant information or whether they will be substantially duplicative of previously produced documents. See Fed. R. Civ. P. 26(b). Therefore, the Court finds the term Bio-Arc violates the terms of the parties' Stipulation for Discovery of ESI and Plaintiff's unwillingness to make any efforts to narrow the term is unreasonable.

Because Plaintiff has failed to meet its burden to demonstrate why the information sought is relevant, Bluestone Innovations LLC, 2013 WL 6354419, at *2, Plaintiff's Motion to Compel is DENIED without prejudice as to the search term Bio-Arc.

### d.     Remaining Search Terms

As to the remaining search terms, Defendant objects that the production is unduly burdensome and disproportionate to the needs of the case. Unlike the term Bio-Arc, the remaining search terms appear to comply with the spirit of the parties' Stipulation for Discovery of ESI. Nevertheless, the agreed-upon search terms have resulted in a voluminous request.

Once again, Plaintiff has not articulated for the Court the particular issues to which they are relevant. Bluestone Innovations LLC, 2013 WL 6354419, at *2. Most importantly, Plaintiff has not attempted to explain what it hopes to uncover from Defendant's emails that have not been produced through other discovery methods. See Northrop Grumman Corp., 2012 WL 12875772, at *2 ("Email discovery is not presumptively relevant to litigation."). Therefore, the Court cannot determine the likelihood that email discovery will provide relevant information or whether they will be substantially duplicative of previously produced documents. Fed. R. Civ. P. 26(b).

However, pursuant to the terms of the Stipulation, "[c]osts may be shifted for disproportionate ESI production." Dkt. 62 at ¶ 3. The Court, thus, finds good cause to require modified cost-shifting in this case to address the apparent disproportionality of the requests. Defendant shall be required to bear the cost of review and production of up to 5,000 documents and Plaintiff may agree to incur the cost of any additional email production. Accordingly, within 5 days of the date of this Order, the parties shall meet and confer regarding the scope and production of email discovery for the search terms other than Bio-Arc.

## B.  DEFENDANT'S MOTION TO AMEND PROTECTIVE ORDER

Defendant seeks to amend the Protective Order to require the parties to comply with the law – specifically, California Rule of Professional Conduct 4.3[7].  Defendant "seeks clarification from the Court regarding the proper interpretation of Rule 4.3, and if it agrees with [Defendant's] interpretation, grant [Defendant's] request to amend the protective order to ensure compliance with Rule 4.3 by all counsel in this litigation."  Dkt. 147 at 1.

Pursuant to Local Rule 37-2.4, "[t]he Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added."  L.R. 37-2.4.  Here, Defendant filed the instant Motion to Amend the Protective Order without a Joint Stipulation or the required declaration from counsel.  Hence, the Court need not consider Defendant's Motion to Amend the Protective Order.

In addition, the Court declines Defendant's request to give an advisory opinion on whether Plaintiff's counsel has violated California Code of Professional Conduct 4.3.  <u>Golden v. Zwickler</u>, 394 U.S. 103, 108, 89 S. Ct. 956, 959, 22 L. Ed. 2d 113 (1969) ("'(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions.").  Moreover, there is no good cause to amend a stipulated protective order to include a requirement that counsel comply with the law.  Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Hence, Defendant's Motion to Amend Protective Order is DENIED.

///
///
///
///
///



[7] California Rule of Professional Conduct 4.3 provides:

(a) In communicating on behalf of a client with a person* who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows* or reasonably should know* that the unrepresented person* incorrectly believes* the lawyer is disinterested in the matter, the lawyer shall make reasonable* efforts to correct the misunderstanding. If the lawyer knows* or reasonably should know* that the interests of the unrepresented person* are in conflict with the interests of the client, the lawyer shall not give legal advice to that person,* except that the lawyer may, but is not required to, advise the person* to secure counsel.

(b) In communicating on behalf of a client with a person* who is not represented by counsel, a lawyer shall not seek to obtain privileged or other confidential information the lawyer knows* or reasonably should know* the person* may not reveal without violating a duty to another or which the lawyer is not otherwise entitled to receive.

### III.
### CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART as set forth above. Defendant's Motion to Amend Protective Order is DENIED.